IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| RFMS, INC., CORALVILLE MANOR, L.L.C., EDWIN ENTERPRISES, L.L.C., d/b/a WINDMILL MANOR, | No. 3:10-cv-00069-JAJ-RAW |
| Plaintiffs, | |
| vs. | |
| UNITED STATES OF AMERICA, | **ORDER** |
| Defendants. | |

This matter comes before the Court pursuant to the government's July 26, 2010 motion to dismiss.  [Dkt. No. 2]  Plaintiff's RFMS Inc., Coralville Manor L.L.C., and Edwin Enterprises, d/b/a Windmill Manor, (collectively "RFMS") filed  responses to the government's motion on August 12, 2010 and August 31, 2010.  For the reasons set forth below, the Court denies the government's motion to dismiss.

## I. STATEMENT OF MATERIAL FACTS[1]

This is an action for contribution under the Federal Tort Claims Act ("FTCA") arising from claims of medical malpractice.  On August 18, 2008, the estate and relatives of Vernon Ziskovsky brought a wrongful death and loss of consortium action against RFMS in the Iowa District Court for Johnson County.  The plaintiffs in that case alleged that Mr. Ziskovsky died as a result of the negligence of RFMS, which was in charge of the daily operations of the nursing home where he resided.  On December 12, 2008, RFMS filed third-party claims against three medical providers: Dr. Mouhamed W. Al

---

[1] Unless otherwise noted, the following facts are undisputed or viewed in the light most favorable to the Plaintiffs.

1

Sheikha, Select Special Hospital, and the United States Veterans Administration ("VA"). RFMS then settled with the state court plaintiffs for $250,000.

The VA removed the case to federal court and moved to dismiss RFMS's claims against it pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (5) and (6), alleging lack of subject matter jurisdiction, lack of personal jurisdiction, insufficient service of process, and failure to state a claim upon which relief could be granted. This Court granted the motion and dismissed all claims against the VA. In doing so, the Court found that, although the FTCA waives sovereign immunity for suits against the United States, it does not permit suits against government agencies. Thus, the Court determined that it lacked subject matter jurisdiction over the prior action because RFMS named only the VA and not the United States as a party.

After finding that it lacked subject matter jurisdiction, the Court addressed the VA's alternative arguments for dismissal. Specifically, the Court found that RFMS failed to properly serve the VA or the United States and that RFMS failed to state a claim upon which relief could be granted. After dismissal of all claims against the VA, the case was remanded to state court on August 27, 2009.

RFMS then filed a new administrative claim with the United States Department of Veterans Affairs' regional counsel. Six months later, on June 3, 2010, RFMS filed this action for contribution pursuant to the FTCA.

## II. SUMMARY OF THE ARGUMENTS

The government argues that RFMS's contribution claim should be dismissed under the doctrine of res judicata. Because the Court in the prior action found that RFMS failed to state a cause of action upon which relief could be granted, the government argues that the case was dismissed on the merits and that claim preclusion should bar relitigation in this action. Alternatively, the government argues that collateral estoppel should preclude

RFMS from raising issues litigated and decided in the prior action.

In response, RFMS asserts that the Court's dismissal in the prior action was not on the merits, and thus not subject to res judicata, because the Court lacked subject matter jurisdiction. RFMS argues that any additional findings by the Court were "mere dicta" having no precedential or res judicata effect. For the same reasons, RFMS asserts that its claims are not barred by collateral estoppel. Additionally, RFMS argues that the government's collateral estoppel claim fails because RFMS was not properly served with notice of the motion in the prior action and therefore did not have a full opportunity to resist, as required under the doctrine of issue preclusion.

## III. ANALYSIS

### A. Motion to Dismiss Standard

To survive a 12(b)(6) motion, the claim "may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007). To adequately state a claim, the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. (citing 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216, at 235-36 (3d ed. 2004)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 555).

The court may only consider matters within the pleadings. Moble Sys. Corp. v. Alorica Cent., L.L.C., 543 F.3d 978, 982 (8th Cir. 2008). When analyzing the adequacy of a complaint's allegations under Rule 12(b)(6), the court must accept as true all of the complaint's factual allegations and view them in the light most favorable to the plaintiff. Id.; see also Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508 n.1 (2002); Erickson v.

<u>Pardus</u>, 551 U.S. 89, 94 (2007) ("when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint" (citations omitted)). "The issue is not whether plaintiffs will ultimately prevail, but rather whether they are entitled to offer evidence in support of their claims." <u>United States v. Aceto Agr. Chemicals Corp.</u>, 872 F.2d 1373, 1376 (8th Cir. 1989) (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974), overruled on other grounds, <u>Davis v. Scherer</u>, 468 U.S. 183 (1984) (quotation marks omitted)). A court must "then determine whether [the complaint] plausibly give[s] rise to an entitlement for relief." <u>Iqbal</u>, 129 S.Ct. at 1950.

## B. Claim Preclusion

Claim preclusion, or res judicata, precludes "the relitigation of a claim on grounds that were raised or could have been raised in the prior suit." <u>Banks v. International Union Electronic, Electrical, Tech., Salaried and Mach. Workers</u>, 390 F.3d 1049, 1052 (8th Cir. 2004) (quoting <u>Lane v. Peterson</u>, 899 F.2d 737, 741 (8th Cir. 1990)). "Claim preclusion applies when there is a prior judgment rendered by a court of competent jurisdiction, that prior judgment was final and on the merits, and it involved the same cause of action and the same parties or privies." <u>Wedow v. City of Kansas City, Mo.</u>, 442 F.3d 661, 669 (8th Cir. 2006). At issue here is whether the Court in the prior action had jurisdiction and whether its finding that RFMS failed to state a claim upon which relief could be granted was an adjudication on the merits.

In the prior action, the Court determined first that it lacked subject matter jurisdiction and then found that RFMS made insufficient service of process and failed to state a cause of action upon which relief could be granted. <u>Alan Ziskovsky, et al v. RFMS, Inc., et al.</u>, Civil No. 3:09-cv-0052-JAJ (S.D. Iowa). The government argues that these were alternative grounds for the Court's ruling and that each ground can be given preclusive effect in this case. The Court disagrees. For purposes of appellate review, the

Court did provide alternative grounds for dismissing the prior action, but the Court's jurisdictional finding renders those alternative grounds immaterial for res judicata purposes.

As an initial matter, the Court's determination that it lacked subject matter jurisdiction was not an adjudication on the merits of the prior action.  Federal Rule of Civil Procedure 41(b) states that any dismissal under the Rules, "except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19," is an adjudication on the merits.  Fed. R. Civ. P. 41(b)(2010); see also, County of Mille Lacs v. Benjamin, 361 F.3d 460, 464 (8th Cir. 2004), Ahmed v. United States, 147 F3d 791, 797 (8th Cir. 1998), Johnson v. Boyd-Richardson Co., 650 F.2d 147, 148 (8th Cir. 1981) ("Under Rule 41(b) of the Federal Rules of Civil Procedure, dismissal for lack of jurisdiction is not an adjudication on the merits and thus such a dismissal should be without prejudice."). Thus, RFMS's claims are not precluded because of the Court's jurisdictional holding.

Because the Court determined that it lacked subject matter jurisdiction in Ziskovsky, the government cannot rely upon the Court's alternative grounds for dismissal as a basis for claim preclusion in this action.  The question of jurisdiction is a threshold issue that must be decided prior to any determination on the merits of an action.  Ginters v. Frazier, 2010 WL 3034894 at *3 (8th Cir. 2010) ("While the district court opined on other bases for dismissing the action, jurisdiction is a threshold question and must be answered before all other questions.").  As stated by the Supreme Court, "[w]ithout jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."  Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998) (rejecting the doctrine of hypothetical jurisdiction) (citing Ex Parte McCardle, 74 U.S. 506, 514 (1868)).  Thus, because the Court in Ziskovsky determined that it lacked subject matter jurisdiction as a threshold matter, it lacked the power to further declare the

law in that case.  The Court will not give preclusive effect to its alternative grounds for dismissal in <u>Ziskovsky</u> and therefore denies the government's motion to dismiss on the basis of claim preclusion.

## C. Issue Preclusion

The government's argument for collateral estoppel fails for the same foregoing reasons.  Collateral estoppel applies when:

> (1) the issue sought to be precluded is identical to the issue previously decided; (2) the prior action resulted in a final adjudication on the merits; (3) the party sought to be estopped was either a party or in privity with a party to the prior action; and (4) the party sought to be estopped was given a full and fair opportunity to be heard on the issue in the prior action.

<u>Ripplin Shoals Land Co., LLC v. U.S. Army Corps of Engineers</u>,  440 F.3d 1038, 1044 (8th Cir. 2006) (citing <u>Wellons, Inc. v. T.E. Ibberson Co.</u>, 869 F.2d 1166, 1168 (8th Cir. 1989)).

Here again, the Court's prior finding that RFMS failed to state a claim upon which relief could be granted was not an adjudication on the merits.  Because the Court finds the second element of a claim for collateral estoppel is lacking, it need not determine whether RFMS was provided with proper service and thus afforded a full opportunity to litigate the relevant issue in the prior action.  Thus, the Court denies the government's motion to dismiss on the basis of issue preclusion.

Upon the foregoing,

**IT IS ORDERED** that defendant's motion to dismiss [Dkt. No. 2] is denied.

**DATED** this 2nd day of September, 2010.



JOHN A. JARVEY
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF IOWA